IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM SELTZER, JR.,                :

    Plaintiff,                   :

vs.                                  :    CIVIL ACTION 07-0383-WS-M

MOBILE CITY POLICE DEPARTMENT,       :

    Defendant.                   :


REPORT AND RECOMMENDATION


Plaintiff, a Mobile County Metro Jail inmate who is proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 (Doc. 1).  Plaintiff's action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  On account of Plaintiff's *in forma pauperis* request, the Complaint (Doc. 1) is being reviewed under 28 U.S.C. § 1915(e)(2)(B).  Pursuant to this review, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  Complaint.  (Doc. 1.)

    Plaintiff alleges on July 24, 2006, he received tickets for three traffic violations from City of Mobile Police Officers Brian and Reecher on private property owned by Moore Hardy in Mobile.  Then, Plaintiff asserts that before the outcome of the charges for driving with a suspended license, operating a vehicle

without use of a seat belt, and driving with an improper tag, his 1983 Chevrolet truck was towed away and sold at auction. Plaintiff's last allegation is not altogether clear due to some missing words. But the Court discerns that Plaintiff claims his due process rights were violated when the officers did not attend his trial on January 18, 2007.

The only entity identified as a Defendant is the Mobile City Police Department. This Defendant's name is found in the style of the action. (Doc. 1 at 1). In the Section III where a defendant's name should be placed, Plaintiff did not name any defendant. The relief that Plaintiff seeks from this Defendant is "[t]o be paid for days lost while confined and to excuse the officers of their jobs duty." (Doc. 1 at 7).

II.  Standard of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis* and was in jail when he filed this action, the Court is reviewing Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v.*

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001); *Brown v. Bargery,* 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

*Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist.  *Id.* at 327, 109 S.Ct. at 1833.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6))).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.* at 1965.  That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled

3

to relief.'"  *Id.* at 1966 (second brackets in original). "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient for grounds for entitlement to relief.  *Id.* at 1965.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, ___, 127 S.Ct. 910, 920-21 (2007).

III.  <u>Discussion</u>.

In order to bring a viable § 1983 claim against a defendant, the defendant sued must be an entity that is subject to being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id.* at 1214 (quoting FED.R.CIV.P. 17(b)).

"[P]olice departments are not usually considered legal entities subject to suit."  *Id.*  In Alabama a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes.  *Hawkins v. City of Greenville,* 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000); *accord Lee v. Wood,* 2007 WL 2460756, at *7 (S.D. Ala. Aug. 27, 2007) (finding that the City of Mobile Police Department is not a suable entity under state law); *Pierre v. Schlemmer,* 932 F.Supp. 278, 279-80 (M.D. Fla. 1996) (finding the Eleventh Circuit adheres to the approach

4

that a city police department is not a separate legal entity which is subject to suit and is not a "person" for § 1983 purposes); *Eddy v. Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); *Reese v. Chicago Police Dept.*, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (finding a police department does not have a legal existence separate from the city and, therefore, is not a suable entity).  Inasmuch as Defendant Mobile City Police Department is not a suable entity under Alabama law or a "person" for § 1983 purposes, the claim against Defendant Mobile County Police Department is frivolous.

IV.   Conclusion.

Based upon the foregoing reasons, it is recommended, prior to service of process, that this action be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is advised that if he can name a proper defendant to his claims or if there are other matters related to his claims for which there is a proper defendant, he should bring them before the Court in the time period for filing objections because § 1983 has a two-year statue of limitations.  The initial incident is alleged to have occurred on July 24, 2006.  Thus, some, if not all, of the claims will be barred by the statute of

limitations if they are filed in a new action.  Although the Court does not know what other related claims that Plaintiff may have, Plaintiff may be barred from bringing them if he does not bring them before the Court in this action.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a

6

Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 6th day of August, 2008.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE